FILED
CLERK, U.S. DISTRICT COURT

September 6, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CR___ DEPUTY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SOHM, <br><br> Plaintiff, <br><br> v. <br><br> SCHOLASTIC, INC., <br><br> Defendant. | Case No. CV 16-003777 SVW <br><br> ORDER GRANTING MOTION TO TRANSFER |

I. **BACKGROUND**

Plaintiff Sohm ("Sohm") is a professional photographer residing in California. Compl. ¶ 2. He owns the copyrights to several photographic images. *Id.* ¶ 7. Sohm entered into agreements with stock photography agencies allowing them to grant limited licenses to Defendant Scholastic ("Scholastic") to use these photographs. *Id.* ¶ 8. Scholastic is a New York corporation that publishes and distributes children's books. *Id.* ¶ 3. Between 1995 and 2011, several of these agencies sold Scholastic numerous limited licenses to use copies of Sohm's photographic images. *Id.* ¶ 9. One of these agencies was Corbis, which included in its contract with Scholastic a forum-selection clause designating the Southern District of New York to have jurisdiction over disputes arising from the contract. Dkt. 14-1 at p. 3.

On May 31, 2016, Sohm filed this complaint of copyright infringement against Scholastic alleging they exceeded the scope of these limited licenses in a variety of ways. *Id.* ¶ 10, 15-17. There are an alleged 117 instances of Scholastic exceeding its rights under the limited licenses. *See* dkt. 18 at p. 1, dkt. 14-1 at p. 4. It is undisputed that 29 of these copyright infringement claims will be covered by the forum-selection clause in the Corbis-Scholastic contract–*if* the clause applies to the limited licenses, which is vigorously disputed. *See* dkt. 14-1 at p. 9, dkt. 18 at p. 1-2.

Before this Court is a motion by Scholastic to dismiss the case or in the alternative to transfer venue to SDNY pursuant to the forum selection clause. This Court, for the following reasons, GRANTS the motion to transfer and thus declines to decide the merits of the motion to dismiss.[1]

## II.     LEGAL STANDARDS

For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil case to any other district where it could have originally been filed or to which all parties have consented. 28 U.S.C. § 1404(a). This analysis requires answering two questions: (1) whether the action could have originally been filed in the transferee court, and (2) whether transferring the case furthers the interests of convenience, fairness, and justice. *Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404 motion be denied." *Atl. Marine Const. Co. V. U.S. Dist. Court for W. Dist. Of Texas*, 134 S. Ct. 568, 581 (2013).

## III.     ANALYSIS

There is no dispute that SDNY would have subject matter jurisdiction, since copyright

---

[1] This Court also declines to decide Defendant's request to limit discovery.

infringement is a federal question. Further, there is no dispute that SDNY would be a proper venue since Defendant resides in that district. The disputed issues are whether Sohm is bound by the forum-selection clause and, if so, whether transferring the case promotes convenience, fairness, and the interests of justice.

### A. Sohm is Bound by the Forum-Selection Clauses

This issue was presented and decided by this District Court in the case *Sohm v. McGraw-Hill Global*, No. 2:16-cv-01316-SJO-KS (C.D. Cal. 2016). This Court agrees with the rationale of that decision. Sohn admits that he hired Corbis as an agent, compl. ¶ 8, thus creating a principal-agent relationship. A principal is bound by the actions taken by its agent. *See executive Sec. Mgmt., Zinc. V. Dahl*, 830 F. Supp. 2d 883, 899 (C.D. Cal. 2011). The Ninth Circuit has specifically held that a *forum-selection clause* signed by an agent will bind the principal. *See TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990). Thus, the forum-selection clause between Corbis and Scholastic also binds Sohm.

Sohm argues that this clause was found only in a pricing agreement ("PVA") and not in the actual invoices that granted the licenses which authorized Scholastic to use his photographs. Dkt. 18 at pp. 17-18. Thus, he argues, Scholastic has not shown how the forum selection clause applies to the actual licenses. *Id.* The plain language of the PVA allays these concerns. Conspicuously, at the top of the PVA and all in caps, it says "BY OBTAINING, USING OR PAYING FOR ANY CONTENT FROM CORBIS, YOU AGREE TO BE BOUND BY AND COMPLY WITH ALL OF THE TERMS OF THIS AGREEMENT." Dkt. 14-3. Later it states "Any and all *licenses* granted by Corbis are conditioned upon [] Your compliance with all provisions in this Agreement." *Id.* (emphasis added). Thus, "the Licenses are a byproduct" of the PVA, and the forum-selection clause validly applies to such licenses. *See Keller v. McGraw-Hill Global Educ. Holding, LLC*, No. CIV.A. 16-1778 (E.D. Pa.).

Sohm further argues that the language of the forum-selection clause itself only extends to claims arising from "this Agreement," and thus does not control disputes over the invoices which grant

the licenses. Dkt. 18 at p. 18-20. However, the PVA defines the term "Agreement" to mean "the terms and conditions (i) herein, (ii) in the Invoice(s) and (iii) in the Specific Content Web Page(s) applicable to the Content licensed hereunder, all of which incorporated into this Agreement by reference." Dkt. 14-3. Thus, the invoices are directly covered by the language of the forum-selection clause.

### B. Transferring the Case Promotes the Interests of Justice

District Courts are split on the issue of whether some claims bound by a forum-selection clause require transferring the entire action. *Compare Sohm v. McGraw-Hill Global*, No. 2:16-cv-01316-SJO-KS (C.D. Cal. 2016) (transferring 599 claims of copyright infringement when 296 of them were covered by a forum-selection clause) *with Eastcott v. McGraw-Hill Global*, No. 16-904, 2016 WL 3959076 (E.D. Pa. July 22, 2016) (refusing to transfer when only 7% of the claims were covered by a forum-selection clause). This Court recognizes that the Supreme Court case *Atlantic Marine* dealt with a unified forum-selection clause, as opposed to a case where only some claims have this clause, but it nonetheless finds the reasoning in this case applies here.

*Atlantic Marine* held that "a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" 134 S. Ct. at 579 (citing *Stewart v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). "The overarching consideration . . . is whether a transfer would promote 'the interest of justice.'" *Atlantic Marine*, 134 S. Ct. at 580. When there is a forum-selection clause present, plaintiff's choice of forum in bringing the suit merit no weight and the Court should not consider either parties' private interests. *Id.* The Court can only consider "arguments about public-interest factors" in considering to not follow the forum-selection clause. *See id.* "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

In the 29 claims by Sohm that are covered by the forum-selection clause, he has made no arguments why public-interest factors advise against enforcing the clause. Instead, he argues that

*Atlantic Marine* simply does not apply at all. Dkt. 18 at pp. 20-22. While outraged that Scholastic suggests the forum-selection clause demands transferring the entire case, Sohm neglects to argue why the clause should be ignored altogether for the 29 claims it *directly governs*. This Court does not believe the forum-selection clause, on its own, *demands* transferring the entire case. But this Court does hold it demands transferring the 29 claims bound to the clause, barring unusual circumstances or public policy concerns not present here. The remaining 88 claims are transferred for reasons of convenience, fairness, and judicial economy.

As for public policy concerns, this Court finds that adopting Sohm's argument would have unwanted consequences. Essentially, Sohm is asking this Court to ignore a valid, bargained-for exchange between himself and Scholastic due to concerns of convenience. This flies in the face of the basic principles of contract *and* agency law. Sohm hired Corbis to act on his behalf and to bind him in these contracts. If Sohm had an issue with the terms his agent was negotiating, such as the forum-selection clause, he is the one with the duty to inform himself of the details and raise objections to terms he does not want. Possibly, Corbis would refuse to act as Sohm's agent unless it was allowed to include these forum-selection clauses. In which case, Sohm either must accept the clause and deal with the consequences, or use one of the several other agencies he had a relationship with. What he is not allowed to do is authorize his agents to contractually bind him and then years later attempt to renege a clause that is inconvenient for him.

Further, Scholastic has a right to trust that when it enters into a contract with these agencies the courts will uphold all valid clauses therein. Scholastic, and companies like it, should not be left to guess which forum selection clauses will be stricken by a court twenty years later and which ones will be upheld. This would defeat the entire purpose of these clauses. Scholastic has a right to predictability in the court system and that when it enters into a valid forum-selection clause it will receive the benefit of that bargain. Sohm also has a right to this predictability, and can achieve it by more fully educating himself on the contracts his agents negotiate on his behalf.

Thus, this Court finds that under *Atlantic Marine* the 29 Corbis claims bound by the forum-selection clause *must* be transferred to SDNY. The remaining question is whether the other 88 claims should follow it or be severed. Unlike in *Sohm v. McGraw-Hill Global*, Plaintiff in this case has not asked the Court to sever these claims. Even if he did, the result would be the same. The Courts that have severed claims due to forum-selection clauses generally do so when there are multiple valid and competing forum-selection clauses. *See, e.g.*, *1-Stop Fin. Serv. Centers of Am., LLC v. Astonish Results, LLC*, 2014 WL 279669, at *10 (W.D. Tex. Jan. 23, 2014); *Carmouche Ins., Inc. v. Astonish Results, LLC*, 2014 WL 2740464, at *7 (M.D. La. June 17, 2014). In this case, there is no evidence of competing forum-selection clauses. Therefore, severing is not mandated by competing contracts and would simply "lead to piecemeal litigation, contravening 'the policy of the federal judiciary of promoting the consistent and complete adjudication of disputes.'" *See Sohm v. McGaw-Hill Global*, No. 2:16-cv-01316-SJO-KS, at *6 (C.D. Cal. 2016) (citing *Frigate Ltd. V. Damia*, No. C-06-04734 CRB, 2007 WL 127996, at *3 (N.D. Cal. Jan.12, 2007)). Piecemeal litigation also runs the risk of inconsistent judgments on factually and legally identical claims, which this Court wishes to avoid.

### IV. CONCLUSION

For the foregoing reasons, this Court GRANTS the motion to transfer the case to SDNY.

IT IS SO ORDERED.

Dated: September 6, 2016

STEPHEN V. WILSON
United States District Judge